(No. 31487.—)

Mary Ross, Appellee, *vs.* Alice J. Ross *et al.*—(Leslie E. E. Ross *et al.*, Appellants.)

*Opinion filed September 21, 1950—Rehearing denied Nov. 17, 1950.*

Hirsch E. Soble, and Hurford & Feigenholtz, both of Chicago, for appellee.

EDWARD T. HOWE, and BERNARD McDEVITT, both of Chicago, for appellants.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the trustee and certain heirs-at-law of John B. Ross, deceased, from a decree entered by the circuit court of Cook County rendered upon the pleadings, by which decree the defendant Alice J. Ross, as trustee, was directed to execute and deliver unto the plaintiff, Mary Ross, a deed of conveyance to certain premises situated in Cook County. It appears from the record that the plaintiff is the surviving widow of John B. Ross, deceased, and that she filed suit against the defendant Alice J. Ross, a sister of John B. Ross, alleging that the plaintiff, her deceased husband and Alice J. Ross executed on November 19, 1943, a trust agreement covering the property in question, whereby Alice J. Ross held the property as trustee for the benefit of John B. Ross and upon his death for the plaintiff, Mary Ross. The trust agreement, a copy of which was attached to the complaint, provided that upon the death of John B. Ross, the trustee would make deeds for, or otherwise deal with the title to, said real estate upon the direction of Mary Ross. The complaint also alleged that John B. Ross died on June 4, 1947, and that on October 17, 1947, the plaintiff, in writing, directed the defendant to execute a deed to the real estate unto the plaintiff and that the defendant trustee refused to do so. The plaintiff likewise alleged that, since the trustee was not engaged in active duties, the plaintiff was entitled to a conveyance of the title or to have the use executed under the Statute of Uses.

The trust agreement contained a typewritten acknowledgment by all the parties, including a release and waiver of homestead executed before a notary public.

By her answer the defendant trustee admitted the execution of the document but alleged that she took title to

said premises on November 19, 1931, from the Chicago Title & Trust Company, as trustee, as part of a fraudulent conspiracy between the plaintiff and her deceased husband to defraud her husband's creditors. She alleged that in 1931 John B. Ross secretly required her to execute to him without consideration a deed to the property, which he concealed and did not record, and that again on April 24, 1941, he required her to execute another deed, which was delivered unto John B. Ross but unrecorded. She also alleged that John B. Ross was adjudicated a bankrupt and was discharged from bankruptcy on October 10, 1932. The trustee further alleged that the court should make a determination as to whether the legal title was in herself or in the heirs of John B. Ross.

On May 17, 1949, the plaintiff by supplemental complaint named the heirs of John B. Ross as defendants. Three heirs answered admitting the execution of the trust agreement but alleging that John B. Ross was the owner of the property since 1931 and that if the trust agreement was in effect it was a nullity by reason of the acts of John B. Ross in creating said trust to defeat the claims of his creditors in bankruptcy, he having been discharged therefrom without scheduling said property as an asset. They also filed a counterclaim for partition. The fourth heir of John B. Ross filed his answer admitting that plaintiff was the owner of the property and entitled thereto. Subsequently, the plaintiff filed a motion for judgment upon the pleadings and, after a hearing, a decree was entered in favor of the plaintiff.

Three of the heirs of John B. Ross and the defendant trustee have appealed from this decree. A freehold being involved, the appeal is perfected to this court. They contend that by the deed of conveyance of April 24, 1941, John B. Ross became the owner of said property even though said deed was not recorded, and that the real estate descended to his heirs and that the trust agreement of

November 19, 1943, did not reconvey the title to Alice J. Ross and that she could not be trustee without the legal title. They also contend that even if the trust existed its provisions could not be enforced by a court of equity because of the wrongdoing in defrauding the creditors, in which the plaintiff participated. They also contend that a correct decision requires a determination of the facts from evidence and that the cause could not be properly decided upon the pleadings.

The plaintiff contends that Alice J. Ross became seized of the legal title by the deed of conveyance to her individually on November 19, 1931, and although she conveyed it by warranty deed in 1941 which was not recorded, she reacquired the title by the execution of the trust agreement in 1943 and that the trust was validly created and the plaintiff was entitled to the property upon the death of her husband.

For a proper decision in this case it is necessary first to determine the legal effect of the unrecorded deed of conveyance from the trustee to John B. Ross, dated April 24, 1941, and the effect of the trust agreement of November 19, 1943. The deed of conveyance in 1941 appears to be in statutory form. It also appears from the allegations which have been admitted that the deed was delivered to John B. Ross and remained in his possession and control. The legal effect of this transaction would be to place the title to the property in John B. Ross even though the deed was not recorded.

We now consider the effect of the trust agreement of November 19, 1943. It is to be noted that the trust agreement is on a printed form commonly used in Illinois. An examination thereof indicates that the parties executing said form carefully struck out the printed portions thereof having reference to the subsequent acquiring of property by the trustee and substituted therefor words indicating the intention of the parties that the trustee had previously

acquired the title. At the very beginning of the instrument, where it is stated that the trustee "Is about to take title to the following described real estate," the form has been changed to read "That Alice J. Ross, as Trustee hereunder has title to the following described real estate." It is to be noted after the legal description to the property that the printed form providing "That when she has taken the title thereto * * * she will hold it for the ultimate use and benefit of the following named persons * * *" has been changed to read "and that she has taken the title thereto * * *." It is also to be noted that the printed form of the trust agreement does not contemplate an acknowledgment and yet, typed on the form immediately below the signatures there is an acknowledgment in proper form customarily found on deeds of conveyance, including the release and waiver of homestead. It clearly appears from the instrument that the intention of the parties thereto was that Alice J. Ross had already taken and did have the legal title to the property.

It is undisputed that the trust agreement does not contain the usual words of grant, but it certainly contains many words indicating that the parties agreed and intended that the legal title was in Alice J. Ross. This is a suit in equity, and in equity a good title may be conveyed by a writing not under seal or not containing words of grant or without any writing whatever. *Barnes* v. *Banks,* 223 Ill. 352; *Ashelford* v. *Willis,* 194 Ill. 492.

Likewise, it clearly appears from the record that the defendant trustee, Alice J. Ross, unquestionably understood that she was vested with the title, since by her pleadings she sets forth a copy of the letter sent by her in October, 1947, to the plaintiff, in which she acknowledged the request for delivery of the title to the real estate and stated "In view of the circumstances under which title to the property is vested in me and by the further reason of the death of my brother, I feel that any disposition of the

title to be made by me at this time, for my protection, should be by court direction. I trust you will understand the position in which I have been placed in holding these titles." Certainly, the defendant trustee by her letter admitted that she held the title to the property and, under well-settled principles of law, she cannot, after litigation has begun, change her reason. As was stated in the case of *People ex rel. Hamilton v. Cohen*, 355 Ill. 499, "It is a general rule that where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and assign another and an inconsistent cause for his action."

It should also be pointed out that this court has many times held that a trustee will take whatever title is necessary for the execution of the trust, whatever the form of the language of the conveyance and regardless of technical terms ordinarily used for such a conveyance. *Hubbard v. Buddemeier*, 328 Ill. 76; *Reichert v. Missouri and Illinois Coal Co.* 231 Ill. 238.

The argument of the defendant that the title to the property was not vested in Alice J. Ross is without merit.

The appellants have also contended that, even if a valid trust existed, the fraud of Mary Ross would deny equitable relief to her. By their answers, they have set forth that the title was placed in Alice J. Ross in an attempt to defraud the creditors of John B. Ross and that since Mary Ross participated therein she does not come into equity with clean hands and that equity will not enforce the provisions of the trust.

Certainly, the defendant trustee is estopped to deny the validity of the trust because she does not allege that she was deceived into accepting it or that she was the victim of any fraudulent conduct. (*Vlahos v. Andrews*, 362 Ill. 593.) The other appellants, namely the heirs-at-law of John B. Ross, deceased, certainly cannot complain about

any fraudulent conduct on the part of Mary Ross for the reason that they were not prejudiced or wronged thereby if any such conduct did exist. None of them have alleged that they were creditors of Mary Ross or John B. Ross. As this court said in the case of *Mills* v. *Susanka,* 394 Ill. 439, "The dirt upon plaintiff's hands must be his bad conduct in the transaction complained of. If he is not guilty of inequitable conduct toward the defendant in that transaction, his hands are as clean as the Court can require," and, as the court also stated in that opinion, "The wrong must have been done to the defendant himself, and must have been in regard to the matter in litigation." (*Evangeloff* v. *Evangeloff,* 403 Ill. 118.) Furthermore, the allegations of fraud and conspiracy, as contained in the answer of the defendants, appear to be conclusions of the pleader, since they can hardly be interpreted as alleging facts.

The final argument made by the appellants is that the court should have heard evidence relative to the intent of the parties executing the instruments involved. This argument seems to be based upon the assertion that the execution of the trust agreement of 1943 could not vest the title to the real estate in the trustee because the complaint alleges that she obtained title from the Chicago Title & Trust Company in 1931. It is to be noted, however, that attached to the complaint as an exhibit is the trust agreement, and the pleadings in this cause had the effect of placing at issue the legal effect of all the documentary transactions. No evidence would have been admissible to prove any fact which had not already been admitted by the pleadings in the case and, therefore, the court properly did not hear any evidence.

The case of *Central States Cooperatives, Inc.* v. *Watson Bros. Transportation Co.* 404 Ill. 566, is clearly distinguishable from the case at bar since, in this case, after the court had determined the legal effect of the documentary trans-

actions, there could be no grounds for granting partition to the heirs of John B. Ross on their counterclaim, because there was nothing to partition, the court having held that John B. Ross had no title to any of the real estate.

We have carefully examined the entire record and the arguments made on the various points raised and we can see no error committed by the circuit court. For the reasons stated in this opinion, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*