La Salle National Bank As Trustee, Petitioner-Appellant, *v.* Richard L. Hoffman, Respondent-Appellee.

(No. 54483; 

First District—August 27, 1971.

McCracken & Walsh, of Chicago, (Richard Walsh, of counsel,) for Petitioner-Appellant.

Owen N. Price, of Chicago, (Richard A. Siebel, of counsel,) for Respondent-Appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The petition filed herein sought to have a sale for forfeitures pursuant to section 272 of the Revenue Act, Ill. Rev. Stat. ch. 120, par. 753, set aside, and to have the county collector refund the purchase price to the taxbuyer. On motion of appellee taxbuyer, an order was entered dismissing the petition. The question presented for review is whether the order of dismissal was proper. Issues raised on this appeal are:

1. Did the circuit court have jurisdiction of the subject matter of the petition?

2. Was the action barred by a prior judgment?

3. Was the petition in form sufficient to withstand a motion to dismiss?

The parcel of real estate described in appellant's petition is designated on the assessment books, the general tax warrants, the Tax Judgment, Sale, Redemption and Forfeiture Records of Cook County, and all other tax records relating to the assessment, levy and collection of general taxes for the year 1965 in the offices of the County Assessor, the County Collector and the County Clerk of Cook County, by the Permanent Real Estate Index No. 20-12-101-020.

Appellant contended both below and here that the designation 020 resulted from a consolidation and division of parcels 20-12-101-009 and 20-12-101-017 by the assessor of Cook County in 1962 to become effective in the 1963 assesment; that other parcels in addition to -020 were formed out of -009 and -017 at that time. Also that at the time of consolidation and division there were outstanding delinquent and forfeited taxes against parcels -009 and -017, and as a result those two parcels should not have been consolidated since sec. 515 of the Revenue Act, ch. 120, sec. 515,

Ill. Rev. Stat. did not apply to property upon which delinquent or forfeited taxes were outstanding.

On December 28, 1966, pursuant to section 225 of the Revenue Act of 1939, as amended, the Cook County Collector, by publication, gave notice of his intended application for judgment and order of sales of lands delinquent for non-payment of 1965 general taxes on the parcel designated as 20-12-101-020. On January 9, 1967, the Cook County Collector filed his application as No. Misc. 67-004 in the County Division of the Circuit Court of Cook County, and no objection to judgment having been filed, judgment for the delinquent taxes on parcel 20-12-101-020 and an order of sale thereof were entered on January 20, 1967 by the court in accordance with section 235 of the Revenue Act. Pursuant to the judgment and order of sale and section 243 of the Revenue Act, the Cook County Collector offered parcel 20-12-101-020 at public sale and, it not being sold for want of a bidder, the parcel was forfeited to the State of Illinois on February 20, 1967, pursuant to section 246.

Pursuant to section 272 of the Revenue Act, appellee thereafter made application to the County Clerk of Cook County to purchase forfeited parcel 20-12-101-020. The County Clerk thereupon directed the County Collector of Cook County to accept from appellee the sum of $62,003.44, being the total amount of all taxes, interest, costs and fees due on parcel 20-12-101-020. On June 2, 1967, the County Collector received the sum of $62,003.44 from appellee, and thereupon issued to appellee a Certificate of Purchase of Forfeited Property for parcel 20-12-101-020.

At the instance and request of appellant the County Clerk of Cook County, on or about September 10, 1968, made an entry opposite parcel 20-12-101-020 in the 1965 Tax Judgment, Sale, Redemption and Forfeiture Record of Cook County to the effect that there was a sale in error. Such "sale in error" entry was made without the prior knowledge or consent of appellee-taxbuyer. Moreover, at no time has appellee made a demand on the County Collector to refund the $62,003.44 he paid at the tax sale nor has appellee made a demand for cancellation of the Certificate of Purchase.

After the foregoing proceeding for judgment and sale was concluded by a final judgment entered January 20, 1967, no appeal having been taken, appellant on December 31, 1968 filed its petition in the same proceeding to set aside the sale, on the grounds that the consolidation was illegal and that the parcel was erroneously sold. Appellee thereupon filed his motion to dismiss the petition on the following grounds: (1) lack of jurisdiction of the court to entertain such a petition in a County Collector's Application for Judgment and Order of Sale proceeding; (2) the

purported cause of action was barred by a prior judgment; and (3) the petition stated no cause of action because the "sale in error" entry in the tax judgment record was unauthorized and without legal effect, which motion was granted, and appellant's petition to set aside the sale was dismissed.

■■ The County Collector's Annual Application for Judgment and Order of Sale is a special statutory proceeding created by the Revenue Act of 1939, as amended. As appellant contends, the Illinois Constitution (article VI, section 9) vests unlimited original jurisdiction of all justiciable matters in the Circuit Court. The trial court in a Collector's Application proceeding, however, is functioning pursuant to the special statutory jurisdiction granted in the Revenue Act. In such cases jurisdiction is never presumed, and whatever the jurisdiction of the court, the proceeding must conform with the statute. *People v. Nunes,* 58 Ill.App.2d 55, 207 N.E.2d 143.

■■ The limited statutory powers of the trial court in a Collector's Application proceeding, after rendition of judgment and order of sale, is well documented in the case of *Cherin v. R. & C. Co.,* 11 Ill.2d 447, 143 N.E.2d 235. They do not include the setting aside of a tax sale at the behest of the tax delinquent owner followed by a refund from the County Treasurer. *The trial court may refuse to enter an order for a tax deed if the certificate holder has not complied with certain statutory prerequisites, and may give him a measure of relief by ordering a refund of his purchase money if his failure to comply was after a bona fide attempt to do so;* but such relief is not granted at the instance of the owner who ought to have paid the taxes for which the real estate was sold. (Chapter 120, Section 747, Ill. Rev. Stat.) The owner always has his statutory right of redemption, and has his remedy by an action in chancery to set aside a tax sale or a tax deed.

■■ The power of the Circuit Court to entertain and grant relief on a petition to set aside a tax sale in a proceeding independent from the Collector's Application proceeding is not questioned. In such a proceeding, however, the courts consistently have required reimbursement of the holder of the tax certificate, not from the public treasury, but by the owner whose taxes the certificate holder has paid. *Phelps v. Harding,* 87 Ill. 442. This rule of equity, since 1919 embodied in section 270 of the Revenue Act (chapter 120, section 751, Ill. Rev. Stat.), without exception has been held to apply to the setting aside of tax sales as well as tax deeds. *Tubbs v. Homebuilders,* 300 Ill.App. 473, 71 N.E.2d 913; *Tubbs v. Dunlop,* 325 Ill.App. 53, 59 N.E.2d 514. In the instant case, the appellant-owner seeks to have the County Collector make the reimbursement from the public treasury for it.

Appellee contends that, implicit in appellant's petition is the fact that the consolidation complained of as illegal was instituted upon the application of appellant or its agent, inasmuch as consolidation is effected upon application of the owner or his agent, pursuant to section 34 of the Revenue Act which provides in part:

"When a whole section, half section, quarter section, or half-quarter section, belongs to one owner, it shall, at the request of the owner or his agent, be listed as one tract, and when all lots in the same block belong to one owner they shall, at the request of the owner of his agent, be listed as a block * * *." Chapter 120, Section 515, Ill. Rev. Stat.

We are unable to determine from the record how the consolidated was initiated, but appellee points out that appellant has not responded to appellee's contention. Had appellant's petition to set aside the sale been filed as an independent action, it is manifest that appellant would have been precluded from receiving the equitable relief sought, not only because of its failure to show the equitable action of reimbursing the taxbuyer, but may have been barred because of unclean hands arising out of initiating the purported illegal consolidation.

■■ Appellant, in directing its appeal to the Supreme Court urged that Article IX, sec. 5 of the constitution guaranteed it a right of redemption. The Supreme Court transferred the case to this court. No constitutional right of appellant has been violated. Appellant had every right to redeem its property from the sale during the statutory period. Merely because appellant would have to redeem the consolidated parcel (which consolidation was done at its behest) rather than one portion out of the parcel, is no ground for contending that it has been prevented from redeeming. Appellant is contending that it is entitled to take advantage of its own wrongdoing to the detriment of all other taxpayers, and all taxing bodies, as well as the respondent-appellee. Appellant does not contend that consolidation to form parcel -020 was illegal because not done at its request, but illegal because there were outstanding delinquent and forfeited taxes on parcels -009 and -017, from which parcel -020 was formed. Section 515 does not apply to property upon which delinquent or forfeited taxes are outstanding.

■■ Judgment and Order of Sale were entered against parcel 20-12-101-020 on January 20, 1967, in the Collector's 1965 Application proceeding. No appeal was taken from that judgment, and after thirty days from its rendition the judgment became immune to collateral attack. (*First Lien Company v. Markel*, 31 Ill.2d 431, 202 N.E.2d 26.) Section 270 of the Revenue Act provides that:

"Any judgment for the sale of real estate for delinquent taxes * * * shall estop all parties from raising any objections thereto * * *

which existed at or before the rendition of such judgment or decree, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions, the judgment itself is conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or special assessments have been paid or the real estate was exempt from general taxes * * *." Chapter 120, section 751, Ill. Rev. Stat.

Appellant seeks relief on grounds which existed at the time of entry of the judgment; namely, that the County Assessor erroneously combined two adjoining parcels of real estate, both owned by appellant. This he cannot do.

The *Markle* case, *supra,* is in point. In both *Markle* and the instant matter, a judgment and order of sale had been entered and no appeal had been taken therefrom. The tax delinquent owner subsequently appeared in the Application proceeding and sought to have the sale voided on the ground that certain irregularities occurred in the assessment of the parcel in question. The court stated at page 436:

"Whether the assessment was erroneous or illegal, the trial court had jurisdiction to determine the validity of the assessment and that determination, no matter how erroneous, is conclusive upon the parties after 30 days * * *."

As the court stated in the *Markle* case, objections that would have been proper in the original proceeding for judgment and sale for taxes are not proper here. Appellant had the opportunity to object to the consolidation prior to and in the original Collector's Application proceeding. It also could have filed a complaint in equity to set aside the sale.

■■ Thus appellant is foreclosed from collaterally seeking relief which has been barred by prior judgment.

■■ The purpose of Section 260 of the Revenue Act (Chapter 120, Section 741, Ill. Rev. Stat.) is to afford relief to taxbuyer from the effect of *caveat emptor* purchases at void tax sales. Without the right of refund given by section 260, the taxbuyer, caught by the failure of the County officers to delete from the delinquent list properties exempt or on which the tax was already paid or doubly assessed or badly described, would suffer the loss of his entire investment. In such cases, the property owner suffers no injury irrespective of whether the County Clerk makes a "sale in error" entry and irrespective of whether the taxbuyer demands and receives a refund from the County Collector. No redemption need be made from a void tax sale to preserve the owner's property rights, nor can a valid tax deed be predicated on such a sale. There can be no benefit to the property owner to make a "sale in error" entry in a proper

case, and a false entry resulting in an unwarranted refund to the taxbuyer would merely restore the lien of the unpaid taxes and require the Collector once again to enforce their payment.

■■ The sole person who is interested in a refund under Section 260 of the Revenue Act of tax-sale money and therefore the only one who can make representations to the County Clerk to induce a "sale in error" entry is the taxbuyer who would lose all the money he invested in a void tax sale but for that Section. It is up to the taxbuyer to discover the facts that void his purchase, if there be any, and to demand a refund from the County Collector based on the County Clerk's "sale in error" entry which is made on one or more of the four grounds set forth in section 260.

■■ Appellant's petition alleged none of the four grounds set forth in Section 260 for having a sale declared as erroneous, which are (1) the property is exempt, (2) the taxes were paid prior to sale, (3) there is a double assessment, or (4) the description is void for uncertainty.

The trial court, sitting pursuant to the statutory authority of the Revenue Act, had exhausted its jurisdiction to consider appellant's petition after entry of judgment and order of sale; the judgment and order of sale was a final judgment which barred the collateral relief sought in the petition; and the petition on its face reflected that the "sale in error" entry was unauthorized and void.

Judgment affirmed.

JONES and MORAN, JJ., concur.