*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1979 AND PRIOR YEARS (Carousel Building Company, Plaintiff-Appellant, v. Robert L. Higgins, Defendant-Appellee).

Fifth District   No. 5—87—0279

Opinion filed May 3, 1988.

Brian E. Konzen, of Lueders, Robertson & Konzen, of Granite City, for appellant.

Robert E. Ryan, of Alton, for appellee.

JUSTICE LEWIS delivered the opinion of the court:
On February 23, 1981, Omer Trolard purchased a 3.65-acre parcel

of real estate at a sale for delinquent taxes in Madison County, Illinois. Trolard's certificate of purchase correctly described the property. On March 31, 1983, Trolard filed a petition for an order directing the issuance of a tax deed. The petition correctly described the property. On September 7, 1983, Trolard filed an application for an order directing the issuance of a tax deed. On that same date, an order for tax deed was entered, and a tax deed was issued and recorded. The application, order and tax deed contained a legal description that differed from the description in the certificate of purchase and petition for tax deed. The tax deed contained a description that included the 3.65-acre parcel and other lands.

Within 30 days of the order for tax deed, Carousel Building Company (Carousel), the previous owner of the property, filed a motion to vacate the order. Subsequently, Trolard sold the 3.65-acre parcel to Robert L. Higgins, reciting on the face of the deed the possible cloud on the title. Higgins then filed a motion to amend the tax deed to correctly describe the land. On December 11, 1986, the trial court entered its judgment, amending the tax deed as Higgins had requested and denying Carousel's motion to vacate the order directing the issuance of the tax deed. Carousel appeals from that judgment.

Carousel argues that a tax sale purchase becomes void and has no effect if, at any point in the process culminating in the issuance of a tax deed, the purchaser fails to follow the applicable statutory procedures of the Revenue Act of 1939 (the Act) (Ill. Rev. Stat. 1985, ch. 120, pars. 719 through 752.1). Carousel contends that the error in the legal description of the tax deed constitutes an error in the "tax sale process." Carousel then argues that reformation of the tax sale purchaser's tax deed is not a remedy available to this purchaser and that the "sale in error" provision of section 260 of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 741) sets forth the tax buyer's only remedy. Section 260 provides for a tax refund upon application.

Section 260 of the Revenue Act, commonly known as the "sales in error" provision, states in pertinent part:

> "Whenever it shall be made to appear to the satisfaction of the court which ordered the property sold that any tract or lot was sold, and that such tract or lot was not subject to taxation, or that the taxes or special assessments had been paid previous to the sale of said tract or lot, or that there is a double assessment, or that the description is void for uncertainty, or upon application of the tax purchaser that the assessor, supervisor of assessments, county assessor, board of review, or board of appeals, as the case may be, has made an error (other than an er-

ror of judgment as to the value of any property), or upon application of the tax purchaser that the improvements upon property sold have been substantially destroyed subsequent to the tax sale and prior to the issuance of the tax deed, or upon application of the tax purchaser to the court which ordered the property sold that prior to the issuance of the tax deed a voluntary or involuntary petition has been filed by or against the legal or beneficial owner of the real estate requesting relief under the provisions of 11 U.S.C., Chapter 7, 11, or 13, the court which ordered the property sold shall declare such sale to be a sale in error and the county clerk he shall make an entry opposite to such tracts or lots in the tax judgment, sale, redemption and forfeiture record, that the same was erroneously sold, and such entry shall be prima facie evidence of the fact therein stated, and unless such error is disapproved, the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid ***." Ill. Rev. Stat. 1985, ch. 120, par. 741.

Two cases upon which Carousel relies are *Thorton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 381 N.E.2d 249, and *In re Application of County Collector v. Metropolitan Sanitary District* (1979), 79 Ill. App. 3d 151, 398 N.E.2d 392. In *Rosewell*, the county clerk and county collector refused to issue a certificate of purchase where there was an error in the amount of taxes due. The court held that the purchaser was not entitled to a certificate of purchase for the land but should be ordered a refund. In *Metropolitan Sanitary District* the court held that there was a "sale in error" where municipally owned land was erroneously sold. The court also held that the statutory list of circumstances constituting sales in error is not exclusive and that a refund is sufficient protection for tax sale bidders where errors are made in selling property. In both *Rosewell* and *Metropolitan Sanitary District* the error was committed prior to the original tax sale. We find these cases to be factually inapposite.

■ "Sale in error" refers to errors occurring before, or contemporaneously with, the tax sale and forfeiture, except for two specifically defined instances listed in section 260 of the Act that could occur after the issuance of a certificate of purchase. In every instance, however, the "error" in question affects substantial rights of ownership; whereas, in this case, rights of ownership are not affected by the misdescription where the error is little more than a scrivener's error and substantial rights have already vested.

■ In our opinion the misdescription in the tax deed does not constitute a "sale in error" within the meaning of section 260 of the Act.

The statutory provisions cited by Carousel were not intended to operate in the manner in which it argues. The circuit court entered a judgment for forfeiture and the parcel was purchased at a tax sale on February 23, 1981. No appeal was taken from the original tax judgment. A certificate of purchase was issued containing the proper legal description. The tax purchaser, after obtaining a certificate of purchase, proceeded to pay the taxes for the next two years, and then filed a petition for a tax deed. The previous owner did not redeem prior to the date of issuance of the tax deed. As we view this case, the expiration of the period of redemption and the giving of notices provided by the statute vested the purchaser with substantive rights to the property and Carousel has no standing at this point to challenge the remedy of reformation sought by the purchaser.

In *Young v. Madden* (1960), 20 Ill. 2d 506, 510, 170 N.E.2d 551, 553-54, the court considered the nature of the proceeding for a tax deed and stated:

> "The purpose of the statute is to provide for a judicial determination of what had previously been determined administratively—whether the conditions precedent to the issuance of a tax deed had been performed. We pointed out in *People v. Altman*, 9 Ill. 2d 277, that the facts that determine the substantive rights of a purchaser after a tax sale are the expiration of the period of redemption and the giving of the notices provided by statute, and stated at p. 281: 'The issuance of a deed automatically follows an authoritative determination that these events have occurred.' "

Section 266 of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 747) sets forth the issues:

> "If the time of redemption expires and the real estate has not been redeemed from the sale and all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given and the petitioner has complied with all the provisions of law entitling him to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his assignee a tax deed."

■ Clearly, once a tax deed has been issued—even one containing a misdescription of the property—an authoritative determination has been made as to the purchaser's right to the property. The previous owner's only basis for attacking the validity of the deed must then be

jurisdictional. If he cannot raise a jurisdictional objection, then he lacks standing to challenge the validity of the deed on any other basis.

■ The case of *La Salle National Bank v. Hoffman* (1971), 1 Ill. App. 3d 470, 274 N.E.2d 640, discusses the standing of a taxpayer in a case such as the one now before us. In *La Salle National Bank* a tax sale was conducted and concluded by a final judgment. No appeal was taken by the taxpayer. *La Salle* held that by virtue of the original judgment for failure to pay taxes, and where no appeal was taken from that judgment, the taxpayer was foreclosed from collaterally seeking relief which had already been barred by the prior judgment. The court in *La Salle* stated:

> "The limited statutory powers of the trial court in a Collector's Application proceeding, after rendition of judgment and order of sale, is well documented in the case of *Cherin v. R. & C. Co.*, 11 Ill. 2d 447, 143 N.E.2d 235. They do not include the setting aside of a tax sale at the behest of the tax delinquent owner followed by a refund from the County Treasurer. *The trial court may refuse to enter an order for a tax deed if the certificate holder has not complied with certain statutory prerequisites, and may give him a measure of relief by ordering a refund of his purchase money if his failure to comply was after a bona fide attempt to do so;* but such relief is not granted at the instance of the owner who ought to have paid the taxes for which the real estate was sold. (Chapter 120, Section 747, Ill. Rev. Stat.) The owner always has his statutory right of redemption, and has his remedy by an action in chancery to set aside a tax sale or a tax deed.
>
> * * *
>
> The sole person who is interested in a refund under Section 260 of the Revenue Act of tax-sale money and therefore the only one who can make representations to the County Clerk to induce a "sale in error" entry is the taxbuyer who would lose all the money he invested in a void tax sale but for that Section. It is up to the taxbuyer to discover the facts that void his purchase, if there be any, and to demand a refund from the County Collector based on the County Clerk's 'sale in error' entry which is made on one or more of the four grounds set forth in section 260." (Emphasis in original.) *La Salle National Bank v. Hoffman*, 1 Ill. App. 3d at 474-77, 274 N.E.2d at 643-45.

As stated in *La Salle*, the prior owner in this case, Carousel, has a right to be heard in an objection on the collector's application prior to judgment and must also be afforded a right to redeem after the sale.

Carousel availed itself of neither right. Higgins, the tax buyer, has a right to avail himself of the "sale in error" provision of section 260 of the Act. He elected not to do so, and Carousel cannot do it for him.

Carousel has conceded that all the procedures as to notice and other requirements of section 266 of the Act have been complied with. Trolard received a tax deed from the county clerk. The description in that deed was erroneous in that it included more property than was purchased at the tax sale. Even if the trial court had known about the erroneous description at the time of the issuance of the tax deed and had refused to issue the tax deed or later had vacated the deed, Carousel would not be entitled to refund the money and get its property back. The sale and forfeiture for failure to pay the taxes would still stand.

■ The trial court's order and the tax deed include more than was described in the certificate of purchase. It was an error the court could and did correct in granting Higgins' motion to delete and strike the surplusage in the description. The court had jurisdiction to correct an obvious clerical error. As stated in *Ashline v. Verble* (1984), 130 Ill. App. 3d 544, 546, 474 N.E.2d 764, 766-67:

> "It is well settled that a court may, at any time, correct a clerical error or matter of form so that the record reflects the actual order or judgment rendered by the court, so long as the new entry is based upon a definite and certain record. [Citation.] Clerical errors or matters of form are those errors, mistakes or omissions which are not the deliberate result of judicial reasoning and determination [citation] ***."

Equity courts may, and often do, give relief in furtherance of the public interest. Protection of the rights of purchasers of real estate sold for delinquent and forfeited general taxes is in the public interest. The policy of this State is to encourage bidders to participate in tax sales in order to assure effective collection of taxes. *Rosewell*, 72 Ill. 2d at 407, 381 N.E.2d at 253.

There is no question the court intended to issue a deed based upon the petition for tax deed and certification of purchase in this case, both of which contained the correct legal description. We hold that there was no "sale in error" and that the trial court properly struck the surplusage in the legal description in the order of September 7, 1983, and the tax deed issued pursuant thereto.

Affirmed.

WELCH and CALVO, JJ., concur.