# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*In re Application of the County Collector*, 2011 IL App (3d) 100181

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LAND AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 2004 and PETITION OF DENNIS D. BALLINGER FOR A TAX DEED. |
| District & No. | Third District<br>Docket No. 3–10–0181 |
| Filed | May 24, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the owner of farmland leased a portion of the land to taxpayer for a communications tower and the tax assessor assigned the tower its own separate tax identification number and assessment but did not make a separate assessment of the land, the trial court erred when, after the real estate taxes became delinquent and were sold to plaintiff at a tax sale, the trial granted plaintiff"s request for a tax deed for the tower and the leased parcel on which the tower was erected, since the owner and lessor of the land paid all of the taxes on the land, the land was never subject to any delinquent taxes and the trial court had no jurisdiction to award plaintiff a tax deed for the land containing the tower, and, furthermore, the trial court had no jurisdiction to direct the issuance of a tax deed for the tower, which was tangible personal property, not real property, and was unlawfully assessed and could not be subject to any delinquent taxes. |

| Decision Under Review | Appeal from the Circuit Court of Hancock County, No. 08–TX–6; the Hon. David F. Stoverink, Judge, presiding. |
|---|---|
| Judgment | Affirmed in part and vacated in part; cause remanded. |
| Counsel on Appeal | Mark S. Morthland (argued), of Moore, Susler, McNutt & Wrigley, LLC, of Decatur, for appellant. |
| | Rodney G. Clark (argued), of Capps, Ancelet, Clark & Rasmussen, of Carthage, for appellee Pettit Land, L.L.C. |
| | Jim Drozdz, State's Attorney, of Carthage (Brian D. Hunter, Assistant State's Attorney, of counsel), for appellee Hancock County Treasurer. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion. Presiding Justice Carter and Justice O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Pettit Land, L.L.C., is the owner of a piece of real property, consisting mainly of farmland (the farmland), located in the county. The farmland bears the tax parcel identification number 09–06–000–062 (PIN 09–06–000–062).

¶ 2    On February 7, 1985, defendant entered into a lease agreement with Waterway Communications System, Inc.[1] (Waterway), for a parcel of real property (the leased parcel) located on the farmland. The term of the lease was for 25 years with an option for Waterway to extend the lease an additional 25 years. The lease was recorded in the county recorder's office. While the record is unclear as to the exact date, Waterway, at some point after entering into the lease agreement with defendant, constructed a cellular/radio tower (the tower) on the leased parcel.

¶ 3    On November 5, 1986, a "First Amendment to Lease Agreement" was entered between the parties and recorded in the county recorder's office. The amendment provided that Waterway

_____

[1]Waterway is a communications company.

will pay "ad valorem taxes levied and attributable to any improvements and facilities installed on the premises by [Waterway]."

¶ 4 Sometime prior to December 1, 2002, the county assessor assigned the tower its own separate tax identification number, 09–06–000–060 (PIN 09–06–000–060). The property record for PIN 09–06–000–060 contains the legal description of the improvements on the leased parcel and the tower assessments. The record does not contain any land assessment. Dale Bolton, who is the current county assessor and has been since December 1, 2002, testified that he does not know why the tower and the farmland were assigned two different tax parcel identification numbers. All tax bills for the tower, however, were sent to Waterway. The bills subsequently became delinquent and the tower was sold to plaintiff, Dennis Ballinger, at a tax sale.

¶ 5 It is undisputed that defendant paid all taxes assessed and levied on PIN 09–06–000–062—the farmland, which includes the leased parcel. Those taxes were never delinquent. Defendant testified, however, that it never received a tax bill for the tower or had any knowledge that the taxes were delinquent and subject to a tax sale.

¶ 6 At the tax sale, plaintiff purchased "Tax Sale Certificate No. 040076" (the tax certificate) The tax certificate states the legal description of the property as: "09–06–000–060: IMPROVEMENTS ON TOWER SITE; PART E 1/2 NE PILOT GROVE 6–6."

¶ 7 On June 19, 2008, plaintiff filed a petition for tax deed. The petition sought a tax deed for not only the tower, but also the leased parcel on which the tower was located. A "Take Notice" was personally served on defendant. Defendant subsequently filed a "Motion to Deny Issuance of Tax Deed, or in the alternative, Clarification of what Tax Buyer will receive." The motion alleged that plaintiff should only receive, if he obtains a tax deed, the tower, and not the leased parcel. The motion also alleged that defendant had paid all the property taxes on the farmland, which includes the leased parcel, but admitted that it did not pay the taxes on the improvements located on the leased parcel.

¶ 8 Plaintiff filed a motion to dismiss defendant's motion for clarification. Plaintiff alleged that his tax sale certificate entitled him to both the tower and the leased parcel. Plaintiff argued that Illinois law does not allow personal property taxes to be imposed or assessed on personal property. Specifically, plaintiff contended that if he is only allowed to obtain the tower, and not the leased parcel, then the county assessor is illegally assessing property taxes on personal property.

¶ 9 Upon hearing argument, the circuit court held that plaintiff will receive rights in the tower, but not the leased parcel. Plaintiff appealed, but we dismissed the appeal on the grounds that the circuit court's order was not final and appealable.

¶ 10 On remand, the circuit court heard defendant's motion to extend the redemption period on the leased parcel, if need be, and also plaintiff's application for an order directing the county clerk to issue a tax deed as to the leased parcel. Ultimately, the court entered an order (1) denying defendant's motion to extend the redemption period, (2) denying plaintiff's application for a tax deed as to the leased parcel, and (3) directing issuance of a tax deed in favor of plaintiff for the tower. Plaintiff now appeals from this order.

¶ 11 ANALYSIS

¶ 12 Plaintiff contends that the circuit court erred in denying his application for a tax deed as to the leased parcel. Plaintiff argues that his certificate of purchase entitles him to the entry of a tax deed for both the tower and the leased parcel. In response, defendant calls our attention to the fact that the farmland includes the leased parcel and it has "always paid all taxes assessed on the [farm]land." Because we hold the circuit court lacked jurisdiction to award plaintiff a tax deed for the leased parcel, we find no error in the denial of plaintiff's application for a tax deed.

¶ 13 "Tax deed proceedings are *in rem* in nature, rather than *in personam*, and a [circuit] court acquires jurisdiction after the county collector makes his application for judgment and order of sale." *In re Application of the County Treasurer & ex officio County Collector (Hammond)*, 386 Ill. App. 3d 906, 909 (2008). The county collector's application for a judgment and order of sale is a special statutory proceeding created by the Property Tax Code (the Code) (35 ILCS 200/1–1 *et seq.* (West 2008)). *In re Application of County Collector*, 48 Ill. App. 3d 572, 583 (1977). Likewise, the circuit court functions pursuant to special statutory jurisdiction granted by the Code. *County Collector*, 48 Ill. App. 3d at 583. In order for the court to invoke this statutory jurisdiction, the taxes on the subject property must be delinquent. *Novak v. Smith*, 197 Ill. App. 3d 390, 395-96 (1990); *County Collector*, 48 Ill. App. 3d at 583-84; *Stein v. Olsen*, 26 Ill. App. 3d 858, 861 (1975). Thus, where the taxes on the property have been paid, the court does not acquire jurisdiction over the property, and a judgment and order of sale against that property is void. *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 443 (2010); *Hammond*, 386 Ill. App. 3d at 909; *In re Application of the Cook County Collector for Judgment & Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1985 & Petition for Tax Deed of Barnard*, 228 Ill. App. 3d 719, 731 (1991); *Novak*, 197 Ill. App. 3d at 396; *County Collector*, 48 Ill. App. 3d at 584. Section 22–75(b) of the Code incorporates this principle and provides as follows:

"(b) Any order for the sale of property for delinquent taxes, except as otherwise provided in this Section, shall estop all parties from raising any objections to the order or to a tax title based thereon, which existed at or before the rendition of the order, and which could have been presented as a defense to the application for the order. The order itself is conclusive evidence of its regularity and validity in all collateral proceedings, *except in cases where the tax or special assessments were paid prior to the sale* or the property was exempt from general taxes or was not subject to special assessment." (Emphasis added.) 35 ILCS 200/22–75(b) (West 2008).

¶ 14 Here, it is undisputed that defendant paid all taxes assessed and levied on the farmland, which includes the leased parcel. Plaintiff's position here on appeal simply defies logic in that it asserts the right to a tax deed for property that has never been subject to any delinquent taxes. Because the farmland was not subject to any delinquent taxes, we find the circuit court lacked jurisdiction to enter a tax deed awarding plaintiff the leased parcel. See *S.I. Securities*, 403 Ill. App. 3d at 443; *Hammond*, 386 Ill. App. 3d at 909; *In re Application of the Cook County Collector*, 228 Ill. App. 3d at 731; *Novak*, 197 Ill. App. 3d at 396; *County Collector*, 48 Ill. App. 3d at 584. Accordingly, we find no error in the circuit court's denial

of plaintiff's application for a tax deed as to the leased parcel.

¶ 15　In coming to this conclusion, we note that plaintiff, in an apparent attempt to support his alleged right to a tax deed for the leased parcel, argues that if he is only allowed to obtain the tower, and not the leased parcel, then the county assessor is illegally assessing property taxes on personal property. While we agree with plaintiff's later assertion that the county is illegally assessing property taxes on personal property, we find that the circuit court lacked jurisdiction to direct issuance of a tax deed in favor of plaintiff for the tower.

¶ 16　Section 24–5 of the Code provides, in pertinent part: "Ad valorem personal property taxes shall not be levied on any personal property having tax situs in this State." 35 ILCS 200/24–5 (West 2008). "Our courts have defined tangible personal property to mean that which 'may be seen, weighed, measured and estimated by the physical senses and which is capable of being possessed.' " *Archer Daniels Midland Co. v. City of Chicago*, 294 Ill. App. 3d 186, 190 (1997), quoting *In re Estate of Berman*, 39 Ill. App. 2d 175, 178 (1963).

¶ 17　Here, the county assessor assigned the tower its own separate tax identification number. The property record for this number contains the legal description of the improvements on the leased parcel and the tower assessments. The record does not contain any land assessment, nor does it describe any leasehold interest. Instead, a review of the record confirms that it is the tower itself that is the property subject to taxation. Clearly, the tower constitutes tangible personal property, rather than real property. Thus, we find the tower was unlawfully assessed. See 35 ILCS 200/24–5 (West 2008).

¶ 18　Because the tower was unlawfully assessed, we hold there were never any property taxes legally due on the property. Consequently, because there were no legal property taxes due, there could never be any delinquent taxes. Thus, because the tower was not subject to any delinquent taxes, we find the circuit court lacked jurisdiction to direct the issuance of a tax deed in favor of plaintiff for the tower. See *S.I. Securities*, 403 Ill. App. 3d at 443; *Hammond*, 386 Ill. App. 3d at 909; *Cook County Collector*, 228 Ill. App. 3d at 731; *Novak*, 197 Ill. App. 3d at 396; *County Collector*, 48 Ill. App. 3d at 584. Accordingly, we vacate that portion of the circuit court's order directing issuance of a tax deed in favor of plaintiff for the tower. See *Delgado v. Board of Election Commissioners*, 224 Ill. 2d 481, 486 (2007) (order) (courts of review have an independent duty to vacate void orders and may *sua sponte* declare an order void).

¶ 19　For the foregoing reasons, we affirm that portion of the circuit court's order denying plaintiff's application for a tax deed as to the leased parcel and vacate that portion of the circuit court's order directing issuance of a tax deed in favor of plaintiff for the tower. The matter is remanded for any further proceedings necessitated by this order.

¶ 20　Affirmed in part and vacated in part; cause remanded.