PAMELA COOK *et al.*, Plaintiffs-Appellees and Cross-Appellants, *v.* THE BOARD OF EDUCATION OF EDWARDSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 7, MADISON COUNTY, Defendant-Appellant and Cross-Appellee.

Fifth District   No. 5—83—0695

Opinion filed July 18, 1984.—Rehearing denied August 14, 1984.

Larry E. Hepler and David A. Bloch, both of Edwardsville, for appellant.

Drach & Deffenbaugh, P.C., of Springfield, for appellees.

JUSTICE KARNS delivered the opinion of the court:

The board of education of Edwardsville Community Unit School District No. 7, Madison County (board), appeals from the judgment of the circuit court of Madison County awarding damages to Pamela Cook in the amount of $2,389, ordering the board to give Cook credit on the salary schedule for one year's teaching experience as a graduate assistant at Southern Illinois University at Edwardsville (SIU-E), and ordering each party to pay its own costs. Pamela Cook and James Jackson, teachers, cross-appeal from that portion of the judgment and that portion of the subsequent denial of the motion to vacate judgment which denied relief to James Jackson and held that Cook was barred from recovery for damages prior to May 4, 1977, by the five-year statute of limitations. Ill. Rev. Stat. 1981, ch. 110, par. 13—205.

Pamela Cook was hired by the board in 1972 as a full-time teacher of business education. The year before she was hired she was a graduate student at SIU-E and held a graduate teaching assistantship as a typing instructor. As a graduate assistant she was responsible for planning classwork, teaching, and grading student work. She also attended faculty meetings and served on faculty committees. She was a certified teacher at the time she worked for the university. When she

was hired by the board, Cook was refused credit on the salary schedule for her experience as a graduate assistant.

James Jackson was hired by the board in 1978 as a half-time audio-visual director. He became the full-time audio-visual director in 1979. Jackson was refused credit for his experience as an audio-visual intern in the Mt. Prospect school district. At Mt. Prospect he was paid less than the regular teacher's salary but worked full time as assistant audio-visual director.

The board hired both Cook and Jackson after the Edwardsville Education Association (EEA) became the sole bargaining agent for teachers in the district in 1969. The contract between the board and the EEA provided that:

"3) Teachers new to the system shall be given credit on the salary schedule as follows:

1. Full credit for the first five years

2. Half credit for the next ten years."

The board adopted the contract provision into its policy in the following form:

"Teachers entering the school system after this date shall receive full credit for five years experience and half credit for the next ten years experience in other school districts."

The policy continued unchanged until April 14, 1980, when the board voted to

"give full credit for 1979-1980 salary schedule for past public school teaching experience and that this adjustment be made on the June, 1980 paycheck."

This change brought Edwardsville's policy into compliance with section 24—8 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—8), as interpreted in *Hardway v. Board of Education* (1971), 1 Ill. App. 3d 298, 274 N.E.2d 213. *Hardway* affirmed the trial court's judgment that full credit must be given for teaching in other school districts.

Following this change in the wording of the policy, Superintendent Roy Olive notified teachers that their records would be reviewed to determine who was entitled to salary increases on the basis of past teaching experience. Cook's request for credit for her experience as a graduate assistant was denied by Olive on three occasions, each for a different reason. Olive first stated that she could receive credit only if she had been certified while at SIU-E. He then said she had accumulated more credit for additional education than a full-time employee. Finally he stated that she could not receive credit unless the assistantship experience qualified her for credit with the Teachers Retire-

ment System (TRS). Cook was certified while at SIU-E and the TRS gave her credit for her experience at SIU-E. Olive continued to deny her credit. Olive also denied Jackson's request for credit for his experience at Mt. Prospect because Jackson was not certified while at Mt. Prospect but was working as an intern at a reduced salary to satisfy a requirement of his master's degree program. Jackson testified that the internship was not a course requirement and that he had not applied for an Illinois certificate because of the fees involved. He was certified in Missouri. We note that much of the confusion about board policies might have been reduced if the superintendent had checked his facts before offering piecemeal explanations.

Prior to 1969 when the contract between the board and the EEA was executed, two teachers had been given credit for experience as graduate assistants. Another teacher hired in 1969 was denied credit, and there was no evidence that any teacher hired since 1969 had received credit for a graduate assistantship. Since 1969 the board has given credit for experience as a coordinator and teacher in a federally funded alternative school for Granite City high school students who received high school credit for their work, for parochial school teaching while uncertified, and for experience as assistant audio-visual director at SIU. Olive testified that neither the title held by the teacher in his prior position nor the lack of a certificate while in that position was the determining factor in the decision to give credit for prior teaching experience. The significant factor was the content of the teacher's experience in his former position. Olive stated that a full professor's experience would be evaluated on the same terms as that of a teacher. Olive testified that school nurses and psychologists required to serve paid internships for certification were not given credit for internship experience.

Cook and Jackson filed a two-count complaint against the board on May 4, 1982, alleging that the board's action was arbitrary, capricious and discriminatory in violation of the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution. The complaint was amended on January 18, 1983, to include count III which alleged that the board's refusal to give credit to Jackson for "all years of previous school teaching experience" violated section 24—8 of the School Code (Ill. Rev. Sat. 1981, ch. 122, par. 24—8). Section 24—8 provides that salaries for full-time teachers with "previous public school experience" be increased over those of teachers without such experience. On March 31, 1983, the complaint was amended to allege in counts IV and V that the board's action was a breach of contract and violated its own policy to give credit for

"past public school teaching experience." The board denied all counts and raised defenses of waiver, *laches*, estoppel and the statute of limitations.

Following a bench trial, the trial court entered judgment for Cook in the amount of the difference between her actual salary and the salary she would have received after May 4, 1977, if she had been given credit for her graduate assistantship. The court found that the five-year statute of limitation barred her recovery for damages prior to May 4, 1977. The court found that the board had "acted in an arbitrary and capricious manner" in denying Cook credit "while giving credit on the salary schedule to other similarly situated teachers," and had violated the contract with EEA and its own policies with regard to Cook. Finding no violation of Jackson's rights under the constitutions, contract or policy, the court entered judgment in favor of the board with respect to Jackson. The court ordered the board to give credit to Cook, and all parties were ordered to pay their own costs.

Jackson moved for reconsideration of the court's denial of relief to him, pointing out that the court had not considered his arguments that the board had violated section 24—8 of the School Code. The board moved that the court vacate its judgment and enter judgment for the board against both Cook and Jackson. The board sought clarification of the grounds on which the court found against the board.

At the hearing on the motion to vacate, the court expressed concern that the board's policy would permit the board to give credit to an uncertified university professor while denying it to a person in Cook's position. The court was concerned that distinctions would be made on the basis of title alone, but he also recognized the board's argument that "because Graduate Assistants have so many different definitions and responsibilities, it would be difficult for the Board to determine what Graduate Assistants should get [credit for] experience." Conceding that there might be a problem in the drafting of his original order, the court denied both motions to reconsider. The appeal and cross-appeal followed.

The issues presented for review are: (1) whether the trial court erred in finding that the board had discriminated against Cook in denying her credit for her graduate assistantship; (2) whether the denial of credit to Cook and Jackson was a violation of the contract with the EEA and of the board's policy incorporating the contract; (3) whether denial of credit to Jackson violated section 24—8 of the Illinois School Code; (4) whether Cook's full recovery was barred by the five-year statute of limitations; (5) whether the 10-year statute of limitations

applies to actions on the contract between the board and the EEA; and (6) whether the court abused its discretion in allowing Cook and Jackson to amend their pleadings.

Cook and Jackson seek relief under various theories. Whether phrased in terms of constitutional, contractual, policy or statutory rights, Cook and Jackson must show that they have not received credit while others in like circumstances have received credit. Cook has not shown that any graduate assistant has received credit for an assistantship since 1969, when the contract with EEA was adopted as board policy. Jackson, on the other hand, has shown that another teacher hired since 1969 was given credit for teaching while she was not certified. He has also shown that his work at Mt. Prospect was not an internship such as that required of school nurses and psychologists for which they receive no credit. It is beyond question that Jackson's prior experience was in a public school district.

It is well established that a school board has broad discretion to control the salaries of its teachers, "*** subject only to any limits expressly fixed by the School Code and to constitutional prohibitions against actions that are arbitrary, discriminatory and unreasonable, or based upon an improper classification." (*Richards v. Board of Education* (1960), 21 Ill. 2d 104, 109, 171 N.E.2d 37, 41.) A school board has the discretion "to recognize degrees equivalent to a Ph.D. or Ed.D." required for placement on the schedule with the highest base pay. (*Cinquino v. Board of Education* (1967), 86 Ill. App. 2d 298, 230 N.E.2d 85.) The court in *Cinquino* decided that if a school board interprets its own rule liberally rather than literally, it must act consistently with its established pattern of liberal interpretation. Where it was shown that after a certain date the same school board had strictly applied its rule with regard to Ph.D. or Ed.D. requirements for placement, the court determined that it was "within the reasonable exercise of its power" to refuse advanced placement to a teacher with a juris doctor degree. *Sullivan v. Hannon* (1978), 58 Ill. App. 3d 572, 575, 374 N.E.2d 911, 913.

The board's discretion in determining salary schedules is not limited to drawing distinctions between advanced degrees but must necessarily include distinctions based on experience, subject always to the requirement that the board act consistently with its own rules. The term "graduate assistantship" has no fixed meaning. It is used to describe positions involving physical labor, clerical work, and various teaching responsibilities. It is not unreasonable that the board would adopt a strict policy of denying credit to graduate assistantships where there are inherent problems of determining which are equiva-

lent to "past public school teaching experience" for which the board must give credit. In the absence of evidence that the board has deviated from this strict view since 1969, we find that the board has not acted in violation of its contract or policy or in violation of Cook's constitutional rights. Inasmuch as we find that Cook could not prevail on any theory advanced in her behalf, we find it unnecessary to decide whether the court erred in its judgment that the five-year statute of limitations barred full recovery to Cook.

■ It is unnecessary for us to decide whether the 10-year statute of limitations applies to Jackson's cause of action. He was first denied credit in 1979 and filed suit in 1982, placing himself well within both the 10- and 5-year limitation periods. Unlike Cook, Jackson can point to teaching experience in a public school district prior to his employment by the board. Section 24—8 of the School Code clearly requires that a teacher be given credit for such teaching. (Ill. Rev. Stat. 1981, ch. 122, par. 24—8.) Although Jackson's lack of certification and his position as an intern in Mt. Prospect were given as reasons for denying him credit, the board has shown itself to be more liberal in its attitude toward certification and titles when teachers have experience in dealing with children of the same age as those in the Edwardsville district. Having taken this slightly more flexible position, the board must act consistently. Jackson's position as "intern" in Mt. Prospect was not a prerequisite to his certification as was the internship of school nurses and psychologists. Mt. Prospect's definition of intern appears to have reduced Jackson's salary but not the scope of his duties. Jackson's former title should be no more a bar to his receiving credit than was that of the coordinator of the federally funded alternative school who was given credit because she also taught Granite City public school children. Jackson's lack of Illinois certification while at Mt. Prospect should not deny him credit while a former parochial school teacher receives credit for experience gained while she was uncertified.

■ The board contends that the trial court abused its discretion in allowing Cook and Jackson to amend their pleadings to add counts IV and V alleging breach of contract and violation of board policy. There is no evidence that the board was surprised or prejudiced by pleadings framed in terms of contract and policy because counts I and II were based on the existence of both the contract and policy. Counts IV and V were materially related to the evidence of the board's hiring practices under the contract and policy. (*Powers v. Sturm* (1973), 12 Ill. App. 3d 346, 297 N.E.2d 628.) We see no abuse in allowing an amendment which permits controversies to be decided on their merits.

*Lawson v. Hill* (1979), 77 Ill. App. 3d 835, 296 N.E.2d 617.

For all the reasons stated above we reverse the judgment of the circuit court of Madison County with regard to Pamela Cook and James Jackson and enter judgment in favor of James Jackson. We affirm the trial court's judgment that the parties pay their own costs. We remand for determination of Jackson's damages.

Reversed in part; affirmed in part; remanded.

WELCH, P.J., and HARRISON, J., concur.