CELESTE DIBENEDETTO, Adm'r of the Estate of Guerino DiBenedetto, *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF DU PAGE *et al.*, Defendants-Appellees (The County of Du Page, Defendant and Third-Party Plaintiff-Appellee, v. Leininger Mid-State Paving Company, Third-Party Defendant).

Second District No. 84—0649

Opinion filed February 27, 1986.—Rehearing denied April 15, 1986.

Patrick F. Bradley, of Chicago, for appellants.

Jay S. Judge, Kristine A. Karlin, and Sarah Hansen Sotos, all of Judge & Knight, Ltd., of Park Ridge, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Celeste DiBenedetto, brought this survival and wrongful death action against defendants, county of Du Page; Ronald Dold, as county superintendent of highways; and Anthony Grzemski, who was the county resident engineer of the road construction project in which decedent, Guerino DiBenedetto, was killed. Plaintiff alleged in her complaint that defendants were negligent by failing to adequately supervise and control traffic at the construction site. The jury returned a verdict for defendants and found, in response to a special interrogatory, that the conduct of a motorist, Susan Daugaard, was the sole proximate cause of the death. The trial court entered judgment on the verdict and denied plaintiff's motion for judgment *n.o.v.*

Plaintiff appeals, contending (1) she is entitled to judgment notwithstanding the verdict as defendants were negligent as a matter of law and, alternatively, the verdict and special finding were against the manifest weight of the evidence requiring reversal and a new trial; and (2) that errors in rulings of the trial court and in its instructions require reversal for a new trial.

Plaintiff's decedent was fatally injured on April 10, 1979, while working in a crew installing storm sewers on the west side of Washington Street in Du Page County. He was employed by third-party defendant, Leininger Mid-State Paving Company, with which the county had contracted to perform the road construction. Leininger Paving was severed from this trial. An automobile driven by Susan Daugaard, who

was intoxicated, approached the construction area on Washington Street from the south at speeds estimated to be from 50 to 85 miles per hour and lost control of her vehicle, striking a pipe which crushed decedent. At the place of the accident, the southbound traffic lane of the street was blocked by piles of dirt and pipe and by a backhoe at which decedent and others were working; Daugaard drove in the northbound lane but swerved from it into the adjoining construction area. That area was protected by a tapering row of Type 1 (sawhorse) barricades along the west and center portions of the road between the construction area and the north lane of traffic. The car was driven through the barricades and into the construction area.

The essential controverted question presented in trial was whether defendants negligently failed to cause proper barricades to be erected to protect the construction site workers from traffic. Resolution of that issue turned primarily upon whether the roadway was closed, or closed to through traffic, and whether defendants complied with applicable safety standards relating to barricades to protect the construction site. Plaintiff urged in trial that the road was closed to through traffic at the time of the accident and defendants failed to provide the requisite Type III barricades blocking the road then necessary under the safety standards. Defendants, however, argued in trial that the road was not closed to through traffic and, in any event, engineering discretion permitted use of the smaller Type I barricades present at the site. Defendants also argued that the negligence of the operator of the vehicle which drove into the construction site was the sole proximate cause of the death.

The road project from which this case arose consisted of the widening of Washington Street to four traffic lanes from Gartner Road on the north to the Du Page-Will County line on the south, a distance of approximately 15,150 feet running, in part, through Naperville. Du Page County retained consulting engineers to prepare plans and spe_ifications, but determined the county would supervise the construction. Subsequently, the county entered into a contract with Leininger Mid-State Paving Company to do the work and assigned the county's resident engineer, defendant Anthony Grzemski, to the project to supervise and inspect it. Defendant Ronald Dold, superintendent of highways, and Fred Bowen, chief highway engineer for the county, were in charge for the county.

The construction contract provided that all work was to conform with the "Standard Specifications for Road and Bridge Construction" published by the Illinois Department of Transportation. Those standards, and also the contract, required that construction zone traffic con-

trol devices conform to the "Illinois Manual on Uniform Traffic Control Devices" (the Manual), which sets forth minimum standards for design and installation of such devices to protect motorists and workers from injury. The Manual states that its recommendations are subject to engineering judgment and discretion in application and are not legal requirements, but that installations shall adhere to its general standards. The Manual provides that when a road is closed, or closed to through traffic, the large Type III road barricades shall be erected at the point of closure, either across the road or staggered so that a vehicle must weave between and around them. The construction contract between Du Page County and Leininger Paving provided that when any section of the road is closed to traffic, the contractor shall protect the workers and motorists by erecting traffic control devices in accordance with the Manual.

It is undisputed that Washington Street was closed with Type III barricades from the northern end of the construction project at Gartner Street to 87th Street on the south. All major cross streets in this area were also closed by Type III barricades. From 87th Street south to the Du Page-Will County line, which was the south end of the construction project and a distance of approximately 1,000 feet, Type III barricades were not present. 87th Street is a "T" intersection running only west from Washington Street; the construction area at which the accident occurred was on the west side of Washington Street directly south of 87th. This construction area was protected by Type I (sawhorse) barricades surrounding the work, as earlier described, and no barricades were erected in 87th Street or on Washington Street at the south end of the project at the county line. Between the county line and the construction area in which the accident occurred there were four "road construction" signs on the east side of Washington Street facing a northbound driver spaced 1,500, 1,000 and 500 feet from the place of the accident. The intoxicated motorist drove north on Washington Street and, after seeing the 500-foot sign, lost control of her vehicle and drove into the work site.

In paragraph 7 of her amended complaint, plaintiff had alleged that at the time and place of the accident, Washington Street was closed to traffic and all vehicles were required to use the northbound lane as the south lane was obstructed. For their answer to paragraph 7, defendants admitted that Washington Street was closed to all but local traffic at the time of the occurrence. In response to pretrial interrogatories propounded by plaintiff, defendants also admitted that Washington Street was closed to all but local traffic from the county line on the south to 75th Street on the north. It was also established that the con-

struction plans and contract between the county and Leininger Paving required that the road was to be closed to all but local traffic pursuant to the State Manual.

In trial, defendant, Anthony Grzemski, the county resident engineer on the project, was called by plaintiff as an adverse witness and shown to have supervisory and inspection authority of the project and traffic control devices. He initially testified that Washington Street was closed to through traffic from the county line to 87th Street and the Manual required Type III barricades be erected at points of closure. The witness also testified he had not checked the requirements of the Manual at the time as to traffic control devices, but considered the Type I devices used to be adequate and Type III unnecessary. Fred Bowen, chief highway engineer for the county also testified, *inter alia*, that Washington Street was closed to through traffic and such a condition should have Type III staggered barriers under the terms of the Manual; however, he considered that as resident engineer, he could in the exercise of discretion decide the requirements of the Manual would not be implemented. Robert Dunn, an officer of the contractor and project superintendent, initially testified, *inter alia*, that the road was closed and Type III barricades were thus required. He later testified, however, that Type III barricades were not necessary, but was impeached by his deposition testimony that the barricades should be erected as the road was closed. This witness stated the road was open because the city of Naperville had so requested.

Defendant Ronald Dold, the county superintendent of highways, when called by plaintiff as an adverse witness, initially testified the road was not closed south of 87th Street to through traffic, but was open to traffic. Plaintiff sought to impeach the witness with defendant's answer, which was to the contrary. Defendants objected, arguing the admission in the answer was a mistake by the lawyer preparing it and, as the answer was not verified, it could not be used for impeachment. Defendants then also sought to amend their answer. The trial court ruled the answer was a judicial admission that the road was closed to all but local traffic, which the plaintiff had relied upon, and defendants' motion to amend was untimely. While the trial court declined to permit plaintiff to use the unverified answer for impeachment purposes, it permitted plaintiff to read it to the jury. Plaintiff confronted witness Dold with his answers to interrogatories, and the witness then testified the standards contained in the Manual for barricades of a road closed except to local traffic were mandatory, but could be overridden by engineering judgment.

Plaintiff's final witness was Dr. John Baerwald, a traffic engineer

from the University of Illinois, who responded to hypothetical questions relating to the adequacy of the traffic control devices in place at the time of the accident. Plaintiff's questions asked the witness to assume defendants had admitted the road was closed to traffic and that road closure barricades had not been erected. When defendants objected to this form of the question on grounds defendant Dold had testified the road was open, the court overruled the objection, as it had been determined that fact was settled by defendants' judicial admission in their answer.

The expert witness testified that road closure barricades and signs are mandatory and there is no discretion to be exercised where an installation is described as mandatory in the Manual. On cross-examination, the witness, over plaintiff's objection, was asked to assume the road was open to traffic and for his opinion as to the adequacy of the traffic control devices used in this case as they relate to a one-lane road. He responded that the standards of the Manual for a one-lane road have no application to a road closed to through traffic, as such roads must be physically barricaded and it was mandatory to do so at the county line.

After plaintiff rested her case, defendants renewed their motion to amend their answer to the complaint, and answers to interrogatories, to state Washington Street was open to traffic from 87th Street to the county line. Defendants said they were confused and wished to clarify the issues in the case. Over plaintiff's objection, the trial court reversed its prior ruling, now finding defendants' answer to be an evidentiary rather than a judicial admission, and permitted the amendment. Defendant's motion to amend responses to the interrogatories was denied.

In defendants' case, Fred Bowen, county highway engineer, now testified that the road was open to all traffic from the county line to 87th Street, as the city of Naperville had requested it for the convenience of its residents. Ned Becker, city engineer for Naperville, testified he believed that section of the road was left open for the use of local traffic and that closing it at the county line would have been inconvenient to local residents. Susan Daugaard, the driver of the automobile, was called by defendants and testified, over objection, that she had pleaded guilty to the offense of reckless homicide as a result of the accident.

Other evidence introduced in trial will not be recited here, as it is not necessary for resolution of the issues presented.

 We will first consider plaintiff's contention that defendants' admission in their answer that Washington Street was "closed to thru

traffic" was a binding judicial admission and the trial court abused its discretion in allowing the amendment after the close of plaintiff's case.

It is within the sound discretion of a trial court to permit an amendment to pleadings at any time before final judgment, and it will not be disturbed on review absent abuse of discretion. (*Dick v. Gursoy* (1984), 124 Ill. App. 3d 185, 187, 471 N.E.2d 195; *Murphy v. Roppolo-Prendergast Builders, Inc.* (1983), 117 Ill. App. 3d 415, 418, 453 N.E.2d 846; Ill. Rev. Stat. 1983, ch. 110, par. 2—616(a).) The test as to whether that discretion has been properly exercised is whether the amendment furthers the ends of justice. (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 281, 193 N.E.2d 833; *O'Neill v. Chicago Transit Authority* (1972), 5 Ill. App. 3d 69, 72, 283 N.E.2d 99.) There is no absolute right to amend an answer and it is not favored after trial commences. (*Morris v. City of Chicago* (1985), 130 Ill. App. 3d 740, 745, 474 N.E.2d 1274; *Mayfair Construction Co. v. Security Insurance Co. of Hartford* (1977), 51 Ill. App. 3d 588, 594, 366 N.E.2d 1020; *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 64, 328 N.E.2d 167.) Factors to be considered are whether a party was prejudiced or surprised by the amendment. *Baird & Warner, Inc. v. Ruud* (1976), 45 Ill. App. 3d 223, 230, 359 N.E.2d 745; *Cook v. Board of Education* (1984), 126 Ill. App. 3d 1013, 1019, 467 N.E.2d 305.

■ When a fact has been admitted in the pleadings, it is a judicial admission making it unnecessary for the opposing party to introduce evidence in support thereof; if the pleading is verified, the admission is binding even after amendment. (*Farwell Construction Co. v. Ticktin* (1978), 59 Ill. App. 3d 954, 958-59, 376 N.E.2d 621; *Hastings v. Abernathy Taxi Association, Inc.* (1973), 16 Ill. App. 3d 671, 676, 306 N.E.2d 498; see *Ross v. Ross* (1950), 406 Ill. 598, 94 N.E.2d 885.) Allegations in a pleading are formal, conclusive judicial admissions withdrawing a fact from issue, provided the pleading has not been amended, abandoned or withdrawn. *Robins v. Lasky* (1984), 123 Ill. App. 3d 194, 198, 462 N.E.2d 774; *Precision Extrusions, Inc. v. Stewart* (1962), 36 Ill. App. 2d 30, 50, 183 N.E.2d 547.

In *O'Neill v. Chicago Transit Authority* (1972), 5 Ill. App. 3d 69, 283 N.E.2d 99, the reviewing court found error requiring reversal where a trial court had permitted plaintiff to contradict allegations of the complaint and judicial admissions in trial by a newly tendered amendment at the close of all the evidence. A judgment for plaintiff was reversed as allowing the amendment resulted in unfair advantage. In *Mayfair Construction Co. v. Security Insurance Co. of Hartford* (1977), 51 Ill. App. 3d 588, 366 N.E.2d 1020, refusal of the trial court to permit defendant to amend its answer after plaintiff rested was up-

held as defendant offered no persuasive reason why the amendment was delayed and knew the facts then sought to be alleged prior to suit being filed. See also *Mundt v. Ragnar Benson, Inc.* (1974), 18 Ill. App. 3d 758, 310 N.E.2d 633, *aff'd* (1975), 61 Ill. 2d 151, 335 N.E.2d 10.

■ In the present case, defendants asserted they were confused and had been mistaken in the facts stated in their answer. It is difficult to understand how defendants could remain uncertain whether the road in question was closed, or closed to through traffic, for four years after the accident and until after plaintiff had rested her case. Similar uncertainties did not extend to defendants' responses to interrogatories or in depositions prior to trial. The question of whether the barricades provided at the accident scene were appropriate was strenuously contested by the parties in trial. Plaintiff could, and did, rely upon defendants' admission in their answer in presenting her case and, in particular, in offering her expert witness who prepared to offer his opinion on the basis of defendants' admission. We conclude the trial court abused its discretion when it reversed its earlier ruling in trial, that denied amendment of defendants' answer and permitted defendants to do so as to this substantive issue after plaintiff had rested, to plaintiff's surprise and prejudice.

We consider the error sufficient in this case to require reversal for a new trial. It also affected the resolution by the jury of the fundamental issue of proximate cause in which the jury returned a special finding that the conduct of the driver of the vehicle was the sole, proximate cause of the accident. If the jury, in consideration of the evidence, had believed that Type III barricades were required at the county line, either preventing vehicles from entry to the work area, or slowing them down, the jury might have a different view of that question. We think permitting defendants to change their answer unfairly affected resolution of that issue.

We will also consider other claims of trial error in order to avoid repetition on retrial.

■ Plaintiff contends the trial court erroneously refused to allow plaintiff to inquire into any interest or bias of Robert Dunn affecting his testimony when called as defendants' witness. Dunn was an employee of the road contractor, Leininger Mid-State Paving Company, a third-party defendant in a severed action arising out of this accident. Defendant asserts that Dunn was only an employee without any financial interest in the outcome of the case, and existence of the third party action was thus irrelevant.

It is generally proper to disclose that a witness or his employer has an interest in the litigation (*Sweeney v. The Max A.R. Matthews & Co.*

(1970), 46 Ill. 2d 64, 70-71, 264 N.E.2d 170) and to permit a cross-examination of an employee witness as to his employer's financial interest in the outcome of the case. (*Katz v. Shaf Home Builders, Inc.* (1981), 94 Ill. App. 3d 526, 418 N.E.2d 822; *Mokrzycki v. Olson Rug Co.* (1960), 28 Ill. App. 2d 117, 170 N.E.2d 635, *appeal denied* (1961), 20 Ill. 2d 628.) The inquiry should have been permitted in the present case.

■ Plaintiff also contends it was error for the trial court to permit introduction of evidence by defendant that the operator of the vehicle in the accident pleaded guilty to reckless homicide. Plaintiff argues that fact was not relevant to this trial, as plaintiff had stipulated the driver was intoxicated at the time of the accident.

It has been established that the fact a defendant or party to a civil case charged with negligence has pleaded guilty in traffic court is admissible as an admission against interest if the civil litigation arises out of the facts resulting in the charge. (See *Hartigan v. Robertson* (1980), 87 Ill. App. 3d 732, 409 N.E.2d 366; *Cogdill v. Durham* (1976), 43 Ill. App. 3d 940, 358 N.E.2d 6; *Galvan v. Torres* (1956), 8 Ill. App. 2d 227, 131 N.E.2d 367.) The driver was not a party in the present case, and the evidence was apparently offered by defendants to establish that the negligence of the driver was the sole, proximate cause of the accident. Neither party has offered relevant authority relating to this issue.

We conclude that evidence the driver pleaded guilty to reckless homicide should not be admitted on retrial. Relevancy of evidence is established where a fact offered tends to prove a matter in controversy. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 519, 468 N.E.2d 1228.) The conduct of Susan Daugaard in operating her vehicle and the resultant death were not controverted, and plaintiff stipulated she was legally intoxicated while doing so. The further fact the driver pled guilty to the criminal offense of reckless homicide would not be an admission against her interest in this litigation, nor would it supply relevant facts not already before the jury through competent evidence.

As this case must be reversed and remanded for a new trial on the grounds earlier noted, we do not consider other contentions of error made by plaintiff.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for a new trial.

Reversed and remanded.

STROUSE and UNVERZAGT, JJ., concur.