FOURTH DIVISION

March 11, 2004

No. 1-03-1003

WALTER JONES, )

) Appeal from the

Plaintiff-Appellant, ) Circuit Court of

) Cook County.

v. )

) 01 M1 129226

FORD MOTOR COMPANY and )

MOTORHOMES UNLIMITED, INC. ) The Honorable

) Robert Lopez-Cepero,

Defendants-Appellees. ) Judge Presiding.

)

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Walter Jones, appeals from the circuit court's order granting summary judgment in favor of defendant Ford Motor Co. (Ford) on the basis that plaintiff's action was filed after the statute of limitations period expired.  Plaintiff argues on appeal that the trial court erred because it failed to find that the statute of limitations was tolled by plaintiff's participation in arbitration with the Dispute Settlement Board where, pursuant to the parties' warranty agreement, such participation was required before plaintiff could file suit in the courts.  While plaintiff raises an interesting issue regarding the propriety of applying equitable tolling in cases where a party is made to pursue arbitration before filing suit – which, indeed appears to be an issue of first impression in Illinois – we are not able to reach the merits of his argument in this case. Therefore, we affirm. 

In determining the summary judgment, the trial court considered the following facts.  On or about April 18, 1997, plaintiff purchased a Ford E350 motorhome from co-defendant Motorhomes Unlimited, Inc.
(footnote: 1)  Plaintiff took possession of the vehicle on either April 18, 1997, as alleged in his complaint; or June 11, 1997, as alleged in his response to Ford's motion for summary judgment.
(footnote: 2)  The record is void of any explanation for this discrepancy. 

In connection with his purchase of the motorhome, plaintiff was issued a written warranty by Ford.  This warranty provides that "[a] warranty dispute must be submitted to the Dispute Settlement Board before taking action under the Magnuson-Moss Warranty Act."  The warranty further provides that the Dispute Settlement Board (DSB) is an informal, alternative, free and independent process for resolving warranty disputes.  

On June 20, 2001, plaintiff filed his complaint in the circuit court of Cook County, alleging multiple causes of action against defendants under the federal Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (Magnuson-Moss Act) (15 U.S.C. §2301 
et seq
. (2000)).  Ford moved for summary judgment as to the claims plaintiff had brought against it as the manufacturer of the vehicle – namely, breach of written warranty, breach of implied warranty, and revocation of acceptance.  On April 4, 2003, the court granted summary judgment in favor of Ford on the basis that these claims were barred by the applicable statute of limitations.

Plaintiff filed his notice of appeal on April 8, 2003, and the trial court record was filed with this court on June 9, 2003.  However, on October 28, 2003, Ford filed its "Emergency Motion to Correct the Record" with the trial court.  In its motion, Ford sought to amend the  record, pursuant to Illinois Supreme Court Rule 329 (134 Ill. 2d R. 329), to include plaintiff's application and cover letter requesting arbitration from the DSB, dated May 8, 2001; and correspondence from the DSB to plaintiff's counsel denying the request for arbitration, dated May 14, 2001.  On October 29, 2003, the trial court granted Ford's motion, ordering the clerk of the circuit court to certify the documents so that they could be made a part of the appellate record.  On November 12, 2003, we granted Ford leave to supplement the record with these documents.

In this case, we review 
de novo
 whether the pleadings, depositions, affidavits, and admissions on file, when viewed in the light most favorable to the nonmoving party, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 2002); 
Nowalski v. Ford Motor Co.
, 335 Ill. App. 3d 625, 627 (2002).  Applying this standard, we find that Ford was entitled to summary judgment. 

The Magnuson-Moss Act does not contain a statute of limitations.  See 15 U.S.C. §2301 
et seq
.; 
Nowalski
, 335 Ill. App. 3d at 628.  Where a federal statute creates a cause of action, but does not establish a limitations period for that action, state courts will apply the statute of limitations governing the state cause of action most closely analogous to the federal action.  
Nowalski
, 335 Ill. App. 3d at 628.  The courts have found that the four-year statute of limitations in Uniform Commercial Code section 2-725 applies to Magnuson-Moss claims and that the limitations period begins to accrue when tender of delivery is made.  
Nowalski
, 335 Ill. App. 3d at 628, citing 810 ILCS 5/2-725 (West 2000).  

Plaintiff has alleged conflicting dates of delivery at different stages during the litigation.  However, we find that, regardless of which date is used as the relevant date for tolling the statute, it is clear that plaintiff failed to comply with the prescribed four-year statute of limitations when he filed his complaint on June 20, 2001.  A simple calculation reveals that if the delivery was made on April 18, 1997, as alleged in plaintiff's complaint, the statute of limitations expired on April 18, 2001 – over 
two months
 before plaintiff filed suit.  Alternatively, if the delivery was made on June 11, 1997, as alleged in plaintiff's response to Ford's motion for summary judgment, the statute of limitations expired on June 11, 2001 – 
nine days
 before plaintiff filed his claim. 

Plaintiff argues that a straight calculation of the four-year period is inappropriate in this case because the statute of limitations was tolled during the pendency of the DSB's arbitration of the case.  The record reveals, however, that plaintiff failed to present to the trial court any evidence that he submitted his case to the DSB for arbitration before the limitations period expired.  Accordingly, the trial court was correct to reject plaintiff's equitable tolling argument because it lacked any evidentiary support.  We note that, had plaintiff presented the trial court with evidence relating to the arbitration, we could reach the merits of his argument.  If that were the case, it would seem that equitable tolling should apply inasmuch as plaintiff was required to submit his claim to the DSB before he could even pursue his action in the courts.  To find otherwise would place plaintiff in a "Catch 22" position whereby he would face either rejection of his claim in the trial court for having failed to comply with the terms of the warranty or expiration of the four-year statute of limitations while he awaited a decision from the DSB.  See also 
Vansickle v. Country Mutual Insurance Co.
, 272 Ill. App. 3d 841, 842 (1995); 
Hermanson v. Country Mutual Insurance Co.
, 267 Ill. App. 3d 1031, 1034 (1994) (both discussing an Illinois Insurance Code tolling provision).  

We acknowledge that the supplemental record in this case includes documents that relate to plaintiff's application for arbitration and the DSB's ultimate rejection of that application.  However, these documents were not submitted to the trial court until months after it had rendered its decision and, obviously, were not considered by the trial court in determining the summary judgment.  Therefore, we cannot consider them in this appeal.  

Illinois Supreme Court Rule 329 provides that a party may supplement the record on appeal to include omissions, correct errors, and settle controversies as to whether the record accurately reflects what occurred in the trial court. 134 Ill. 2d R. 329; 
Deason v. Gutzler
, 251 Ill. App. 3d 630, 631 (1993).  The rule, however, allows the record on appeal to be supplemented only with evidence actually before the trial court.  
Deason
, 251 Ill. App. 3d at 631.  Thus, when the trial court granted Ford's motion to supplement the record with the documents it had not previously considered, it was without jurisdiction to do so.  See 
City of Chicago v. Scandia Books, Inc
. 102 Ill. App. 3d 292, 298 (1981) ("It is undisputed that upon filing a notice of appeal, the circuit court is divested of jurisdiction to enter any order involving a matter of substance***. ***Further, while an appeal is pending, the trial court may amend the record to correct matters of inadvertence or mistake, but it is denied the power to remedy defects of substance which would make it a new case").  
To the extent that we granted, pursuant to Rule 329, Ford's motion to supplement the record on appeal with plaintiff's application and cover letter requesting arbitration and the DSB's letter rejecting plaintiff's request, we now vacate that order.  See 
In re Albergo
, 275 Ill. App. 3d 439, 444 (1995).

We further note that even if we were able to consider the documents supplemented to the record after the trial court lost jurisdiction, the outcome of this case would remain the same.  Plaintiff sent his application for arbitration to the DSB on May 8, 2001.  The DSB then rejected the application six days later, on May 14, 2001.  As such, the arbitration process and, therefore, the tolling period, lasted less than one week.  Assuming the delivery was made on April 18, 1997, plaintiff was required to have filed his complaint by April 24, 2001.  Assuming the delivery was made on June 11, 1997, plaintiff was required to have filed his complaint by June 18, 2001.  Thus, even if we were able to reach the issue of equitable tolling in this case, plaintiff's June 20, 2001, filing remains inextricably beyond the four-year statute of limitations. 

Accordingly, we affirm the trial court's order granting summary judgment.     

Affirmed.

QUINN, P.J., and THEIS, J., concur.

FOOTNOTES
1: This date is taken from page one of appellant's brief and is accepted by Ford as the date of purchase.  It is interesting, however, that on page two of appellant's brief, 
plaintiff alleged that the purchase was made on April 19, 1997, and that, in his response to Ford's motion for summary judgment, he maintained that the motorhome was purchased on June 12, 1997.  Because the date of purchase is irrelevant to the outcome of this appeal, and Ford does not object, April 18, 1997, is acceptable as the date of purchase.

2: The record further indicates that plaintiff also alleged on the last page of his response to Ford's motion for summary judgment that he "took delivery of the subject vehicle on June 20, 1998."  The June 20, 1998, reference appears to be a typographical error as it is isolated and not corroborated by plaintiff's brief on appeal – as such, we will ignore it.