FARMERS AUTOMOBILE INSURANCE ASSOCIATION, Plaintiff-Appellant, v. MICHAEL C. DANNER et al., Defendants-Appellees, (David D. Winkler, Defendant).

Fourth District   No. 4—08—0905

Opinion filed September 3, 2009.

Robert Marc Chemers (argued), Darryl L. Awick, and Scott L. Howie, all of Pretzel & Stouffer Chartered, of Chicago, for appellant.

Steven A. Amjad (argued), of Meyer Capel, P.C., of Champaign, for appellees.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Plaintiff, Farmers Automobile Insurance Association (Farmers), appeals the trial court's order finding Farmers had a duty to defend defendants, Michael C. Danner and Tracy Watson, in a lawsuit filed by defendant David D. Winkler. We reverse and remand.

## I. BACKGROUND

### A. The Declaratory-Judgment Action

In December 2007, Farmers filed a complaint for declaratory judgment. The complaint alleged that Danner and Watson were insureds under separate policies of insurance issued by Farmers. Danner and Watson tendered the defense of an action, Winkler v. Danner, No. 07—L—90 (Cir. Ct. Vermilion Co.) (the underlying lawsuit), to Farmers.

In the underlying lawsuit, Winkler alleged that on May 28, 2006, Danner and Watson committed battery against Winkler when Winkler entered Danner's property to retrieve a baseball accidently hit onto Danner's property by Winkler's son. Specifically, count I alleged that when Winkler entered Danner's property, Danner got into his pickup truck, drove it at a high rate of speed, steered his truck off the lane, and struck Winkler. Winkler alleged that "Danner intended that his actions harm Winkler." Count I further alleged that Danner then exited the vehicle and struck Winkler three times with a golf club, breaking three of Winkler's ribs. Winkler attempted to subdue Danner by wrestling him to the ground.

Count II alleged that while Winkler was struggling to subdue Danner, Watson came to the scene and kicked Winkler in the back and the ribs, causing one of Winkler's ribs to puncture his lung. Watson also allegedly struck Winkler about his body with her hands. Winkler alleged that "Watson intended that her actions harm Winkler." Winkler sought compensatory damages in excess of $50,000.

In the declaratory-judgment complaint, Farmers sought a judgment that Farmers had no duty to defend Danner or Watson in the underlying lawsuit and that the policies of insurance did not apply to the claims raised in the underlying lawsuit.

## B. The Relevant Policy Provisions

Farmers attached to its declaratory-judgment complaint Danner's and Watson's respective insurance policies. The policies are identical in all material respects. No one has disputed that the policies attached to the declaratory-judgment action are the relevant policies.

The insurance policies contain the following language: Under "Section II, Liability Coverages," the policies provide as follows:

"Coverage E—Personal Liability

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false[,] or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability."

Under the "DEFINITIONS" section, the policies define the term "occurrence" as follows:

" '**occurrence**' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

a. **bodily injury.**"

The policies define the term "bodily injury" as follows:

" '**bodily injury**' means bodily harm, sickness[,] or disease, including required care, loss of services[,] and death that results."

The record is conflicting about the applicable exclusionary provision contained in the policies. In its declaratory-judgment complaint, Farmers cites an exclusionary provision that cannot be found in the insurance policies:

"**Coverage E—Personal Liability And Coverage F—Medical Payment to Others**

Coverages **E** and **F** do not apply to the following:

**1. Expected Or Intended Injury**

'Bodily injury' or 'property damage' which is expected or intended by an 'insured' even if the resulting 'bodily injury' or 'property damage':

**a.** Is of a different kind, quality[,] or degree than initially expected or intended; or

**b.** Is sustained by a different person, entity, real or personal property, than initially expected or intended.

However, this Exclusion **E.1** does not apply to 'bodily injury' resulting from the use of reasonable force by an 'insured' to protect persons or property[.]"

In their answer, Danner and Watson neither admitted nor denied this allegation in the complaint, asserting lack of sufficient information.

In contrast, the two policies in the record contain the following exclusionary provision:

"1. **Coverage E—Personal Liability and Coverage F—Medical Payments to Others** do not apply to **bodily injury or property damage**:

a. which is expected or intended by the **insured**[.]"

## C. The Motion for Judgment on the Pleadings

In June 2008, Farmers filed a motion for judgment on the pleadings. In the motion, Farmers argued it had no duty to defend Danner or Watson on the underlying lawsuit because (1) the actions of Danner and Watson were not accidental in nature and did not amount to an occurrence under the policies and (2) coverage for the actions as alleged in Winkler's complaint were barred by exclusions contained in the policies. The exclusionary provision cited by Farmers in its motion for judgment on the pleadings does not match the one alleged in the complaint or the one contained in the insurance policies attached to the complaint.

Watson and Danner did not file a response to the motion for judgment on the pleadings. However, at the October 21, 2008, hearing on the motion, counsel for Watson and Danner asserted that in the underlying lawsuit, both Watson and Danner had raised self-defense. Watson and Danner's counsel (1) argued that the exclusion for intentional acts did not apply when reasonable force was used by the insured to protect persons and property and "that defense would kick the exclusion in *** that we have pled in the answer [in the underlying lawsuit]" and (2) asked the trial court to reserve ruling on counts III and IV, which were negligence counts recently added to the complaint in the underlying lawsuit.

Counsel for Farmers admitted receipt of the amended complaint the previous day but asked the trial court to consider only the pleadings that were a matter of record as of the date of the hearing. The court refused to reserve ruling on something not pleaded in the declaratory-judgment action and apparently did not consider the amended complaint in the underlying lawsuit.

After hearing argument, the trial court found as follows:

"It does appear to me the allegations of the \*\*\* complaint \*\*\* present intentional acts. [W]hich I realize are not covered. However, under your \*\*\* argument[,] the [c]ourt is bound to refer to the eight (8) corners of not only the pleadings but the policy itself. \*\*\* I'm troubled, troubled by the provision that I've earlier cited to you under the Coverage E personal liability [('provide a defense \*\*\* even if the suit is groundless, false[,] or fraudulent')]. \*\*\* I think there is a duty to provide [a] defense and let, you know, it may[ ]be—the outcome may[ ]be intentional but I'm not sure of that and I don't think anybody can be. And on that basis, I'm going to deny the motion for judgment on the pleadings.

\* \* \*

And again, the gist of my ruling is that language that the company will provide a defense \*\*\* even where this—even if it's determined the suit is groundless, false, or fraudulent."

In November 2008, the trial court entered its written order. The order provided as follows:

"1. That the underlying [c]omplaint filed as Cause No. 07[—] L[—]90 by David D. Winkler against Michael C. Danner and Tracy Watson set forth allegations that are intentional in nature and, as such, are otherwise excluded from coverage under Farmers Homeowner's policies of insurance.

2. That, notwithstanding the above finding by this [c]ourt, the relevant provision of the Farmers Homeowners policies of insurance issued to Michael C. Danner and Tracy Watson, specifically, Coverage E—Personal Liability, states that Farmers owes a duty to defend its insureds, 'even if the suit is groundless, false[,] or fraudulent.' "

The order further provided that the motion for judgment on the pleadings was denied and that Farmers had a duty to defend. The court entered judgment in favor of Danner and Watson, against Farmers, and terminated the cause.

This appeal followed.

## II. ANALYSIS

■ Before turning to the merits of the appeal, this court must first address Danner and Watson's motion to supplement the record on appeal.

### A. Motion To Supplement the Record Is Denied

Danner and Watson filed a motion to supplement the record on appeal with the following documents from the underlying lawsuit: (1) the amended complaint containing the two counts of negligence; (2) the stipulation agreeing to the filing of the amended complaint; (3) the

October 21, 2008, order allowing the filing of the amended complaint; and (4) the docket sheet. Danner and Watson concede the trial court did not consider these documents but argue that this court can consider them because (1) this court may affirm on any basis in the record and (2) Farmers was aware of the amendment at the time of the hearing in the instant action. Danner and Watson cite *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill. App. 3d 617, 621, 411 N.E.2d 1157, 1160 (1980), for the proposition that the insurer has a duty to defend when the complaint alleges facts that bring the claim within or potentially within policy coverage "unless the insurer has knowledge of true although unpleaded facts which, when taken together with the complaint's allegations, indicate that the claim is within or potentially within the policy coverage."

Supreme Court Rule 329 (210 Ill. 2d R. 329) "provides that a party may supplement the record on appeal to include omissions, correct errors, and settle controversies as to whether the record accurately reflects what occurred in the trial court." *Jones v. Ford Motor Co.*, 347 Ill. App. 3d 176, 180, 807 N.E.2d 520, 523 (2004). However, the record on appeal can be "supplemented only with evidence actually before the trial court." *Jones*, 347 Ill. App. 3d at 180, 807 N.E.2d at 523; see also *Avery v. Sabbia*, 301 Ill. App. 3d 839, 843-44, 704 N.E.2d 750, 753 (1998) ("matters not properly part of the record and not considered by the trial court will not be considered on review even though included in the record"). Here, the trial court did not admit or consider the documents Danner and Watson now seek to include in the record. Therefore, the motion to supplement the record is denied. See, *e.g.*, *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 499, 842 N.E.2d 1268, 1273 (2006) (noting that the appellate court denied the insurance company's request to supplement the record with the copy of a transcript that purportedly supported its claim that it did not have a duty to defend where that transcript was not considered by the trial court).

### B. Cause Must Be Remanded for Further Proceedings

Farmers argues on appeal that the trial court erred by finding a duty to defend because (1) the complaint in the underlying lawsuit does not allege a covered occurrence and the court misconstrued the language concerning "groundless, false[,] or fraudulent" suits as a basis for finding a duty to defend and (2) the allegations in the complaint in the underlying lawsuit are excluded by the intentional-acts exclusion.

As is relevant to the issues addressed in this appeal, Danner and Watson argue that (1) the trial court did not err by finding, as a mat-

ter of law, that a duty to defend existed on the grounds stated by the court and (2) this court can affirm on any basis and should affirm on the basis that the claims potentially fall within coverage under the self-defense provision contained in the exclusionary provision cited by Farmers in its declaratory-judgment complaint. Danner and Watson also ask this court to find that Farmers has a conflict of interest in directing Danner's and Watson's defense.

## 1. *Standard of Review Is De Novo*

In this case, the trial court granted judgment in favor of Danner and Watson on Farmer's declaratory-judgment complaint. Our review is *de novo*. When the sole basis for the court's declaratory judgment involves legal determinations and not factual determinations, our review of the decision is *de novo*. See *Pekin Insurance Co. v. Hallmark Homes, L.L.C.*, 392 Ill. App. 3d 589, 593, 912 N.E.2d 250, 254 (2009). "Moreover, the interpretation of a contract such as an insurance policy is a purely legal matter subject to *de novo* review." *Hallmark Homes*, 392 Ill. App. 3d at 593, 912 N.E.2d at 254; see also *Board of Trustees of the University of Illinois v. City of Chicago*, 317 Ill. App. 3d 569, 571, 740 N.E.2d 515, 517 (2000) (*de novo* review of a decision on a motion for judgment on the pleadings).

## 2. *The Trial Court Erred by Entering Judgment in Favor of Danner and Watson*

At issue here is whether the trial court correctly determined that Farmers had a duty to defend Danner and Watson in the underlying lawsuit.

An insurer's duty to defend arises if the "facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108, 607 N.E.2d 1204, 1212 (1992). The duty to defend is much broader than the duty to indemnify. *Outboard Marine Corp.*, 154 Ill. 2d at 125, 607 N.E.2d at 1220.

"[T]o determine whether the insurer has a duty to defend the insured, the court must initially look to the allegations in the underlying complaint and compare those allegations to the relevant provisions of the insurance policy." *Pekin Insurance Co. v. Wilson*, 391 Ill. App. 3d 505, 510, 909 N.E.2d 379, 385 (2009). However, a trial court "may look beyond the allegations of the complaint in the underlying lawsuit in order to determine an insurance company's duty to defend its insured" so long as the " 'court does not determine an issue critical to the underlying action.' " *Wilson*, 391 Ill. App. 3d at 513, 909 N.E.2d at 388, quoting *American Economy Insurance Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1031, 886 N.E.2d 1166, 1178 (2008) (considering

the insured's counterclaim alleging self-defense, finding a genuine issue of material fact regarding whether the insured acted in self-defense, and concluding that the insurance company had a duty to defend). "As the threshold for pleading a duty to defend is low, any doubt with regard to such duty is to be resolved in favor of the insured." *United Services Automobile Ass'n v. Dare*, 357 Ill. App. 3d 955, 963, 830 N.E.2d 670, 678 (2005).

In *Outboard Marine Corp.*, 154 Ill. 2d at 108-09, 607 N.E.2d at 1212-13, the Illinois Supreme Court set forth the proper means of interpreting an insurance contract:

> "In construing an insurance policy, the court must ascertain the intent of the parties to the contract. [Citations.] To ascertain the meaning of the policy's words and the intent of the parties, the court must construe the policy as a whole [citations], with due regard to the risk undertaken, the subject matter that insured[,] and the purposes of the entire contract [citation]. If the words in the policy are unambiguous, a court must afford them their plain, ordinary, and popular meaning. [Citations.] However, if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous [citation] and will be construed in favor of the insured and against the insurer who drafted the policy. [Citations.]" (Emphasis omitted.)

### a. Trial Court Erred by Finding a Duty to Defend Based on the Coverage E Provision

The policies attached to Farmers' declaratory-judgment complaint provided that Farmers had a duty to provide a defense to its insureds under the following circumstances:

> "Coverage E—Personal Liability
>
> If a claim is made or a suit is brought against an insured for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:
>
> ***
>
> 2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false[,] or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability."

The trial court found that the duty-to-defend language in the insurance policies required Farmers to defend Danner and Watson in the underlying lawsuit. The court interpreted the language "provide a defense at our expense by counsel of our choice, even if the suit is groundless, false[,] or fraudulent" to mean that Farmers had a duty to defend any claims, regardless of whether it was a suit brought against

an insured for bodily injury caused by an occurrence to which the coverage applied.

Here, construing the policy as a whole, the duty-to-defend provision clearly provides that Farmers will defend an otherwise covered claim or suit even if the allegations are groundless, false, or fraudulent. See, *e.g.*, *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73, 578 N.E.2d 926, 930 (1991) ("If the underlying complaints allege facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent" (emphasis in original)); *Westfield National Insurance Co. v. Continental Community Bank & Trust Co.*, 346 Ill. App. 3d 113, 124, 804 N.E.2d 601, 610 (2003) (containing identical duty-to-defend language but finding no duty to defend suit brought against insured for "her participatory conduct resulting in the sexual abuse of the minors"). The language in the policies does not impose a duty to defend a claim or suit against an insured for damages because of bodily injury that were not caused by an "occurrence to which this coverage applies." Therefore, the trial court erred by reading the duty-to-defend language to impose a duty to defend any groundless, false, or fraudulent suit regardless of whether the bodily injury was caused by an "occurrence to which this coverage applies."

### b. Remand Is Required for Consideration of the Amended Complaint and Actual Exclusionary Provision

On appeal, Farmers argues that the intentional-acts exclusion provides that Farmers has no duty to defend against allegations of bodily injury "which is expected or intended by the insured." Danner and Watson rely on the exclusionary provision cited by Farmers in its declaratory-judgment complaint, which provides as follows:

"**Coverage E—Personal Liability And Coverage F—Medical Payment to Others**

Coverages **E** and **F** do not apply to the following:

**1. Expected Or Intended Injury**

'Bodily injury' or 'property damage' which is expected or intended by an 'insured' even if the resulting 'bodily injury' or 'property damage':

**a.** Is of a different kind, quality[,] or degree than initially expected or intended; or

**b.** Is sustained by a different person, entity, real or personal property, than initially expected or intended.

*However, this Exclusion* **E.1** does not apply to 'bodily injury' resulting from the use of reasonable force by an 'insured' to protect persons or property." (Emphasis added.) (Hereinafter, the self-defense provision.)

Danner and Watson argue that this court should affirm the trial court on the basis that they raised self-defense in the underlying lawsuit and, therefore, the claims in the underlying lawsuit fall within, or potentially within, coverage. See *Kovar*, 363 Ill. App. 3d at 500, 842 N.E.2d at 1275 (the appellate court may affirm the trial court on any basis in the record).

As noted, the policies attached to the declaratory-judgment complaint do not contain the self-defense provision cited in the declaratory-judgment complaint. Generally, when the "allegations in a pleading conflict with the facts disclosed in an exhibit, the exhibit controls." *Employers Reinsurance Corp. v. E. Miller Insurance Agency, Inc.*, 332 Ill. App. 3d 326, 335, 773 N.E.2d 707, 713 (2002) (language in the insurance policy was incorporated into the complaint by virtue of its attachment to the complaint); *Laue v. Leifheit*, 120 Ill. App. 3d 937, 949, 458 N.E.2d 622, 630 (1983) (trial court erred by entering judgment on the pleadings in favor of the plaintiff where the complaint and exhibits contradicted each other and, therefore, did not establish the plaintiff's right to contribution as a matter of law). However, that rule—that the exhibits trump the allegations—is most commonly seen in the context of a motion to dismiss. That is, a motion to dismiss does not admit allegations in the complaint that are in conflict with the facts disclosed in the exhibits. *R&B Kapital Development, LLC v. North Shore Community Bank & Trust Co.*, 358 Ill. App. 3d 912, 922, 832 N.E.2d 246, 255 (2005). Those are not the circumstances here.

Even if the exhibits do not trump the allegation that such a provision existed in the policies, the allegation may constitute a judicial admission. "Allegations in a pleading are formal, conclusive judicial admissions withdrawing a fact from issue, provided the pleading has not been amended, abandoned[,] or withdrawn." *DiBenedetto v. County of Du Page*, 141 Ill. App. 3d 675, 681, 491 N.E.2d 13, 18 (1986). "[I]f the pleading is verified, the admission is binding even after amendment" (*DiBenedetto*, 141 Ill. App. 3d at 681, 491 N.E.2d at 18) unless the admission was the product of mistake or inadvertence (*Rynn v. Owens*, 181 Ill. App. 3d 232, 235, 536 N.E.2d 959, 962 (1989)). But see also *Chavez v. Watts*, 161 Ill. App. 3d 664, 672-73, 515 N.E.2d 146, 152 (1987) ("an admission in an unverified pleading is merely an admission against interest which may be contravened or explained" while an admission in a verified pleading is "binding on the pleader").

■ In this case, Farmers has not amended the unverified complaint. At oral argument, counsel for Farmers asserted that the provision was either contained in an endorsement or the inclusion of the provision in the declaratory-judgment complaint was a mistake. We leave to the trial court to determine whether the allegation regarding the self-defense provision should be considered a judicial admission.

This court also notes that at the hearing on the motion for judgment on the pleadings, counsel for Farmers and the trial court clearly had knowledge of the amended complaint from the underlying lawsuit, yet the court chose not to address that issue. The trial judge stated:

"Well, I don't have [counts] 3 and 4. They're not referred to in these particular pleadings in the MR case.

\* \* \*

Well, I'm not going to reserve ruling on something that's not pled. Uh, it's not part of the—\*\*\*."

Counsel for Farmers, while stating that the counts had not been added or filed, acknowledged receiving a "copy of this" the day before the hearing. The motion for leave to file the amended complaint in the underlying lawsuit was filed the day before the hearing in this case, the motion was granted the day of the hearing (October 21, 2008), and the amended complaint was actually filed November 24, 2008. Consequently, in the interest of judicial economy, this court remands to the trial court to reconsider the motion for judgment on the pleadings in light of the current state of the pleadings in the underlying lawsuit. Upon remand, the parties may file the appropriate motions and attach the appropriate documents from which the trial court can determine whether the claims potentially fall within coverage and whether Farmers has a duty to defend or indemnify Danner and Watson in the underlying lawsuit. See, *e.g.*, *Country Mutual Insurance Co. v. Olsak*, 391 Ill. App. 3d 295, 305, 908 N.E.2d 1091, 1101 (2009) ("even in cases of criminal conduct, a potential for coverage has been found" where the interests of the parties were diametrically opposed and presented the insurance company with an ethical conflict because it could not choose a defense strategy in the underlying litigation without harming one of the parties).

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

TURNER and POPE, JJ., concur.